STATE

v.

Ramesh C. KARAN.

No. 87-78-C.A.

Supreme Court of Rhode Island.

May 27, 1987.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., Providence, for plaintiff.

Eugene F. Toro, Toro Law Associates, Inc., Providence, for defendant.

## OPINION

PER CURIAM.

This case came before the court for oral argument May 6, 1987, pursuant to an order that directed the defendant to appear and show cause why his appeal from a motion to correct sentence imposed in the Superior Court should not be denied and dismissed.

After hearing the arguments of counsel and considering the memoranda filed by the parties, we are of the opinion that cause has not been shown. The facts of the case insofar as pertinent to this appeal are as follows.

On December 10, 1984, defendant appeared in the Superior Court and pleaded nolo contendere to a charge of first-degree sexual assault. The trial justice, after an extensive colloquy with defendant and counsel for defendant, determined that defendant had committed the offense with which he was charged and had sexually penetrated his sister-in-law, by force and coercion. After advising defendant of the nature and consequences of the plea, the court considered the recommendation of the prosecutor to impose a suspended sentence along with a period of probation upon defendant, rather than a sentence of imprisonment. It was represented to the court by counsel for the defense that defendant intended to return to his native country of India.

The trial justice responded to this representation by stating that he was "quite reluctant" to accept the recommended disposition in the first instance, but "in view of the fact that the defendant voluntarily is going back to his native country and staying there I see no reason why we ought to incarcerate him here especially in view of the fact the victim is—apparently is in full concurrence with that disposition." The trial justice went on to explain to defendant that if he returned to this country or if he engaged in conduct which would be a violation of his "promises," he could go to jail for the period of his suspended sentence. He asked defendant if he understood, and defendant acknowledged that he did. He repeated this admonition and the conditions of probation again to defendant, who once more stated that he understood. Neither defendant nor his counsel indicated the slightest disagreement with these conditions.

In seeking to correct the sentence in order to eliminate the provision respecting defendant's promise to remain outside the United States as being an improper condition of probation, defendant now argues that in effect this was an order banishing him from the United States. The defendant argues that the Superior Court of Rhode Island has no such jurisdiction.

We agree that the Superior Court of Rhode Island does not have the power to enter an order of banishment. We further agree that the Superior Court of Rhode Island does not have the power to deport an individual from the United States. Such power is conferred solely upon the appropriate federal authorities pursuant to such statutes as 8 U.S.C.A. § 1251(a)(4) (1970) relating to deportation as a result of conviction of crimes involving moral turpitude.

However, in the case at bar defendant obtained a lenient disposition for a crime punishable by a maximum penalty of life imprisonment on the basis of his representation through counsel that he would remain outside the United States. This promise and representation on his part was freely and voluntarily given with full knowledge and understanding of the consequences of the probationary disposition.

Consequently, we are of the opinion that defendant cannot now complain of an agreement that he proposed and voluntarily entered into. Therefore, the trial justice did not err in declining to revise the sentence that he had previously imposed. In the circumstances, the probationary conditions were not facially invalid.

Naturally, in the event that the defendant is at some point accused of violating his probationary status by returning to the United States or the State of Rhode Island, he will not be precluded from raising any extenuating factors that he may then deem appropriate as an excuse for his violation of the conditions of his probation.

For the reasons stated, the defendant's appeal is denied and dismissed and the ruling of the trial justice denying his motion to correct sentence is hereby sustained. The papers in the case may be remanded to the Superior Court.